SO ORDERED.

Dated: December 15, 2023

*Daniel P. Collins*

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceedings |
| | ) | |
| Annette Lynn McKenna, | ) | Case No: 3:23-bk-00013-DPC |
| | ) | |
| Debtor. | ) | **UNDER ADVISEMENT ORDER RE** |
| | ) | **DEBTOR'S REQUEST FOR** |
| | ) | **EMERGENCY ORDER TO SHOW** |
| | ) | **CAUSE** |
| | ) | |
| | ) | (Not for Publication – Electronic |
| | ) | Docketing ONLY)[1] |

Before this Court are issues asserted by Annette Lynn McKenna ("Debtor")[2] regarding this Court's jurisdiction, the applicable law binding the Court, and the legality of actions by the chapter 7 trustee, Lawrence Warfield (the "Trustee"). Debtor raised these issues in a pleading entitled "Emergency Order to Show Cause"[3] ("Motion") together with a supporting affidavit[4] ("Affidavit"). After considering the Debtor's Motion and Affidavit, the Court finds (1) it has both personal over Debtor and subject matter jurisdiction over the Debtor, her bankruptcy case, and assets of this bankruptcy estate, (2) that Title 11 of the United States Code ("Bankruptcy Code") is the appropriate law governing this case, and (3) that the Trustee's actions in administering this

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. ("Rule") 7052.

[2] As in other filings, Debtor continues to write her name as "Annette-Lynn: McKenna©." As noted in prior orders, the Court remains puzzled by this novel use of typographical characteristics.

[3] DE 124. Unless indicated otherwise, DE shall refer to docket entries in the Administrative file in this Bankruptcy Case.

[4] DE 126. McKenna filed identical Motions and Affidavits in each of the three adversary proceedings associated with McKenna's bankruptcy case: 3:23-ap-00086 (DE 84); 3:23-ap-00092 (DE 84); and 3:23-ap-00193 (DE 35).

bankruptcy estate did not constitute a conversion of Debtor's property. The Court's analysis is set forth below.

I. BACKGROUND

On January 3, 2023, ("Petition Date") Debtor filed her voluntary chapter 7 bankruptcy petition.[5] In her petition, Debtor indicated that she lived on Brindle Drive in Clarkdale, Arizona (the "Brindle Property").[6] Debtor also notes she chose to file in this district because "over the last 180 days before filing this petition, [she] lived in this district longer than any other district."[7] Debtor's petition listed her estimated assets as between **$1 billion** and **$10 billion**[8] and her estimated liabilities as between $500,000 and $1 million.[9]

Three adversary proceedings have been filed in this case.[10] Volvo Car Financial Services, LLC ("Volvo") filed an adversary proceeding against Debtor seeking a nondischargeable judgment against Debtor's under § 523(a)(2) with regard to her debts to Volvo.[11] That adversary proceeding is still pending before this Court. Next, Debtor filed an adversary proceeding against the Trustee, the Trustee's attorney, Terry Dake, and Mr. Dake's firm raising issues with the Trustee's appointment and retention of counsel.[12] The Court granted the Trustee's motion to dismiss Debtor's complaint and closed that matter.[13] The Trustee filed an adversary proceeding and obtained a default judgment avoiding a transfer of the Brindle Property to a separate trust.[14]

---

[5] DE 1
[6] DE 1, pg. 2.
[7] DE 1, pg. 2.
[8] In Debtor's Schedule A/B, ¶ 20, filed at DE 22, Debtor lists ownership of (1) a "State of CA Corp Bond for BC" valued at $1,173,564,000, (2) an "M&T Bank Corporate Bond" valued at $92,961,300, and (3) a "Signature Credit Union Corp Bond" valued at $38,129,400.
[9] DE 1, pg. 7.
[10] 3:23-ap-00086-DPC; 3:23-ap-00092-DPC; and 3:23-ap-00193-DPC.
[11] 3:23-ap-00092-DPC (DE 1); Unless otherwise indicated, all references to statutes are to the Bankruptcy Code.
[12] 3:23-ap-00193-DPC (DE 1).
[13] 3:23-ap-00193-DPC (DE 23).
[14] 3:23-ap-00086-DPC (DE 1, DE 66).

At some point the Debtor vacated the Brindle Property. On October 26, 2023, the Trustee filed a motion to approve a sale of the Brindle Property.[15] The Court approved this sale motion[16] and the buyer closed on their purchase.

The day of the hearing on the Trustee's sale motion, Debtor filed her Motion[17] and Affidavit.[18] In her Motion, Debtor argues "no in personam jurisdiction applies to this case" and that she is "acutely aware that subject matter jurisdiction is conspicuously absent."[19] Debtor also contends this Court is "supplant[ing] Public Law with Internal Laws."[20] Finally, Debtor argues this Court does not have subject matter jurisdiction because it is not an Article III court.[21] Debtor seems to argue that because the District of Columbia and the State of Arizona were created after the ratification of the U.S. Constitution, any order entered by this Court is unconstitutional.[22]

Debtor's Motion requests the following relief:

1. An immediate declaration that there is no in personam jurisdiction over the [Debtor] within this district, or any other district "in this state."
2. An immediate declaration that subject matter jurisdiction is lacking in this case.
3. An acknowledgment that the District of Columbia did not exist at the time when the [Constitution] was ratified.
4. A declaration that the [Debtor] was not duly informed of being subjected to the jurisdiction of **the law merchant** Lex Mercatoria (private international law) and that such jurisdiction stands outside the purview of the [Constitution], and is only applicable to those located inside the district.
5. An affirmation that this Court lacks the authority to supplant Public Law with Internal Laws and that all public servants, and trustees are obligated to uphold and protect the constitution.
6. An immediate recognition that the assertion of subject matter jurisdiction by this Court is without merit, as it does not function as an

---

[15] DE 110
[16] DE 122.
[17] DE 124
[18] DE 126
[19] DE 124, pg. 1.
[20] DE 124, pg. 2.
[21] DE 124, pg. 2
[22] DE 124, pg. 2.

Article III court in accordance with the [Constitution].
7. An order declaring that the conversion of the Plaintiff's property was illegal and in violation of the Public Law.
8. Any further relief that this Court deems just and equitable in light of the circumstances.[23]

## II. JURISDICTION

As discussed more fully below, pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (J), the Court has jurisdiction over this bankruptcy case, the three adversary proceedings, and all issues described in this Order.

## III. ISSUES

Debtor's Motion can be condensed to three issues: (1) whether this Court has both personal jurisdiction over the Debtor and subject matter jurisdiction over the Debtor and assets owned by her on the Petition Date; (2) the law applicable to Debtor's bankruptcy case; and (3) whether the Trustee's actions constituted a conversion of Debtor's property.

## IV. THE BANKRUPTCY COURT'S JURISDICTION

Original jurisdiction in bankruptcy cases lies with the District Court.[24] The United States District Court for the District of Arizona has, in turn, referred "to the bankruptcy judges for this district all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11."[25] The bankruptcy court, by virtue of that referral from the District Court, has jurisdiction over "all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."[26] Specifically, 28 U.S.C. §§ 157(b)(2)(A) and (J) allow Bankruptcy judges to hear and

---
[23] DE 124, pgs. 3–4.
[24] 28 U.S.C. § 1334(a).
[25] United States District Court for the District of Arizona, General Order 01-15
[26] 28 U.S.C. § 1334(e)(1); 28 U.S.C. § 157(a).

enter final judgment on matters involving the administration of the bankruptcy estate and objections to the dischargeability of debtor's debts.

Throughout her filings, Debtor has suggested she is being wrongfully forced into this Court. For example, Debtor lists Annette McKenna as the "Alleged Debtor." Debtor voluntarily filed her bankruptcy petition in this District on the Petition Date, specifically seeking relief from this Court through her chapter 7 bankruptcy. The Debtor also voluntarily commenced adversary proceeding 3:23-ap-00193-DPC. The Ninth Circuit Court of Appeals has held that "[a] debtor invoke[s] bankruptcy court subject matter and in personam jurisdiction by filing a voluntary petition in bankruptcy." The Debtor voluntarily invoked this Court's in personam jurisdiction.[27]

Debtor is involved in two matters still pending before this court: Debtor's administrative case and the adversary proceeding brought by Volvo objecting to the dischargeability of Debtor's debts to Volvo under § 523(a)(2). The administrative case deals with the administration of the assets and liabilities of this estate. The dischargeability adversary proceeding deals with Volvo's claims against Debtor. Both of these matters are specifically within the grant of jurisdiction under 28 U.S.C. §§ 157(b)(2)(A) and (J). This Court has subject matter jurisdiction over both remaining matters. The Debtor's requests for relief under numbers one, two, and six are therefore denied.

Debtor also requests that this Court acknowledge the State of Arizona and the District of Columbia were established after the U.S. Constitution was ratified. While true, this fact has no impact on Debtor's case or this Court's jurisdiction and requires no further analysis by this Court. Debtor's request for relief under number three is inconsequential.

---

[27] *Sasson*, 424 F.3d at 870.

## V. APPLICABLE LAW IN BANKRUPTCY COURT

Debtor next argues this Court is not applying the correct law in these chapter 7 proceedings. Debtor suggests this Court is applying "the law merchant Lex Mercatoria (private international law)" and "internal law." By "internal laws," the Court assumes Debtor is referring to the Bankruptcy Code. Debtor seems to be arguing that the Bankruptcy Code is unconstitutional and this Court should instead be applying the Constitution. The Constitution explicitly grants Congress the power to create bankruptcy laws.[28] Congress did exactly that in enacting the Bankruptcy Code. This Court, as required under 28 U.S.C. §§ 1334 and 157, has applied the Bankruptcy Code in the administration of Debtor's estate.

The Debtor has not cogently identified what she means by "the law merchant – Lex Mercatoria (private international law)." At least one commentator has written that "the law merchant is a body of private commercial law that developed in Europe and its trading areas over the past [millennium]."[29] That law reflected business practices and usage and eventually became part of the English common law.[30] Parts of the law were codified into today's Uniform Commercial Code.[31] Notwithstanding that history, the United States Constitution grants Congress the power to establish "uniform Laws on the subject of Bankruptcies throughout the United States." Congress did so in exactly Title 11 of the U.S. Code. Debtor's requests under numbers four and five are denied.

---

[28] See Article I Section 8 of the U.S. Constitution.
[29] William H. Burgess III, *Negotiability of Promissory Notes in Foreclosure Cases: Ballast is not Luggage*, 88-MAR Fla. B.J. 8, 9 (2014).
[30] *Id.*
[31] *Id.*; see also Russell J. Davis et al., *The law merchant as historic source of negotiability*, 80 N.Y. Jur. 2d Negotiable Instruments, Etc. § 10 (2023).

## VI. SALE OF PROPERTY OF THE ESTATE UNDER THE BANKRUPTCY CODE

Debtor's final argument focuses on what she characterizes as the Trustee's conversion of the Brindle Property. Conversion is not a federal law concept but, rather, is rooted in common law. This Court "looks to state law to determine whether an act falls within the tort of conversion." [32] Under Arizona law, the party claiming conversion must show "an act of wrongful dominion or control over personal property in denial of or inconsistent with the rights of another."[33] Under § 541(a)(1), when a debtor files their bankruptcy petition, all legal and equitable interests of the debtor in property at the petition date become property of the bankruptcy estate. Section 704 requires a chapter 7 trustee to "collect and reduce to money the property of the estate." Section 363 permits the trustee, after notice and a hearing, to sell property of the estate.

Here, Debtor is seeking an order of the Court declaring that the Brindle Property was converted by the Trustee. When Debtor filed her voluntary chapter 7 petition, all her property became property of the estate. The Trustee is required to reduce estate property to cash to distribute to Debtor's allowed claimants. The Trustee acted in accordance with his statutory duties when he filed the motion for approval of the sale of the Brindle Property. When the Brindle Property sold, the sale proceeds were used to pay claims secured by that property. The surplus funds will be applied under the claim priority scheme set forth in the Bankruptcy Code. Debtor's request for relief number seven is denied.

## VII. CONCLUSION

This Court has jurisdiction over Debtor and her property by virtue of the Debtor voluntarily filing her bankruptcy petition with this Court. This Court is bound to follow

---

[32] *In re Jercich*, 238 F.3d 1202, 1206 and n. 16 (9th Cir.2001), *see also In re Chavez*, 430 B.R. 890, 897 (Bankr. D. Ariz. 2010).
[33] *Case Corp. v. Gehrke*, 208 Ariz. 140, 143, 91 P.3d 362, 366 ¶ 11 (Ct. App. 2004).

the Bankruptcy Code in this case and has done so throughout. Finally, Trustee did not convert the Brindle Property. He sold the property in accordance with the Bankruptcy Code. Debtor's Motion is denied in its entirety.

**ORDERED**

**DATED AND SIGNED ABOVE.**

**To be Noticed through the BNC to:**
Interested Parties